IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES J. OWENS-EL, #00305-131       *
      Petitioner
    v.                                                         *    CIVIL ACTION NO. WDQ-15-209

UNITED STATES PAROLE COMMISSION   *
CHAIRMAN ISAAC FULWOOD[1]
      Respondent.                                    *
                                 *****

MEMORANDUM

Procedural History

On January 23, 2015, this court received for filing a self-represented 28 U.S.C. § 2241 petition from James J. Owens-el ("Owens-el") naming former U.S. Parole Commission ("Commission") Chairman Isaac Fulwood as respondent. Owens-el raised conclusory claims that he was subject to false arrest and malicious prosecution. Further, he generally alleged that his rights were violated under the Due Process, Equal Protection and Ex Post Facto Clauses of the U.S. Constitution. Affording the petition a generous construction, Owens-el appears to claim that in 2004, the U.S. Parole Commission used a 1968 conviction to deny him parole. He seemingly states that the conviction, received when he was a juvenile and later declared void by a state court judge in 1997, should not have been used against him to deny him parole. ECF No. 1. Although no particularized habeas corpus relief is requested, Owen-el presumably seeks release from parole supervision.

---

[1] Isaac Fulwood retired from the U.S. Parole Commission. The current U.S. Parole Commission Chairman is J. Patricia Smoot. The docket shall be modified accordingly.

Pending Pleadings

Respondent has filed a court-ordered response to the petition seeking dismissal of the petition on the ground of *res judicata*. Specifically, respondent points to *Owens-El v. Brunson*, Civil No. WDQ-11-523, 2011 WL 6651330, *3 (D. Md. 2011), *aff'd*, 477 Fed. Appx. 27 (4th Cir. 2012). In that prior case, Owens-el sued several Defendants, including former Commission Chairman Isaac Fulwood, and summary judgment was entered against Owens-el.[2] *See id.* at *1, n.1. Respondent argues that Owen's-el was released on supervised parole on July 18, 2009 (*see id.* at *3), and thus he was on parole status in both the prior and present litigation. Owens-el has filed a self-represented reply.[3] ECF No. 5. For reasons to follow, the petition shall be dismissed as moot.

Facts

In 1978, Owens-el was sentenced to 25 years in prison for robbery of a person in possession of U.S. mail. *See Owens-El v. Brunson*, Civil No. WDQ-11-523 at ECF No. 15. In 1984, he was sentenced to a consecutive 20-year prison term for assaulting a prison guard. *Id.* The court observes that he has been diagnosed with multiple mental illnesses. *See Owens v. Morgan*, 2010 WL 5173617, at *1. (E.D. N. C. Dec, 14, 2010). He was released on parole in June of 2007, and his parole was conditioned on his participation in an in-patient or an out-patient mental health program

---

[2] The court observes that Owens-el has filed a prior 2241 petition as to the denial of parole by the Commission. *See Owens-el v. Kostar*, 220 Fed. Appx. 781 (10th Cir. 2007). Further, Owens-el has previously challenged the use of his 1968 state court conviction to attack his federal sentence. *See Owens-el v. Wiley*, 182 Fed. Appx. 803 (10th Cir. 2006); *Owens-el v. Hood*, 117 Fed. Appx. 35 (10th Cir. 2004). The cases were both dismissed.

[3] In response to Owens-Bey's reply, his counsel has filed a motion to withdraw appearance. ECF No. 6. Owens-el has filed a response. ECF No. 7. The motion shall be granted.

as directed by his probation officer. *See Owens-El v. Brunson*, Civil No. WDQ-11-523 at ECF No. 15.

On August 13, 2007, a parole violation warrant was issued and Owens-el was arrested. On August 29, 2007, the Commission found no probable cause for the alleged violation and Owens-el was released. Owens-el history reveals that later in 2007, his parole was violated and he was released on parole in 2009 under special conditions of participation in mental health aftercare. *Id.*

Analysis

The doctrine of mootness derives from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). If events occur subsequent to the filing of a lawsuit that divest the court of the ability to award meaningful relief, the case is moot. *Ross v. Reed,* 719 F.2d 689, 693–94 (4th Cir. 1983). . "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

The court observes that Owen-el was granted parole release and his supervision has been terminated. *See* ECF No. 5-1 at pg. 8. Owens-el's termination of parole supervision moots this action, as there is no habeas relief for the court to grant. *See Belasco v. Warden*, 156 Fed. Appx. 671, **1 (5th Cir. 2005); *see also Spencer*, 523 U.S. at 13-14.

<u>Conclusion</u>

For the reasons stated above, the petition for habeas corpus relief shall be dismissed. The court declines to issue a certificate of appealability.

Date: September 23, 2015

William D. Quarles, Jr.
United States District Judge